IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

ALFREDO JUAREZ-PEREZ,

                Defendant.

DETENTION ORDER

25-cr-103-wmc

---

At the October 22, 2025 arraignment, the court held a hearing on the government's motion to detain defendant Alfredo Juarez-Perez. Dkt. 13. The main question at the hearing was whether it was appropriate to consider the question of detention at all based on the particularized facts of the case. After reviewing the parties' briefs and exhibits and hearing from both sides and Pretrial Services, the court finds that the ICE detainer to which defendant is subject negates any serious risk of flight and, thus, it would not be appropriate to consider detention in the first instance. For these and the following reasons, the court DENIES the government's motion to detain defendant pretrial, and STAYS its release order to allow the government to appeal this order to the presiding district court judge.

ANALYSIS

The Bail Reform Act allows the court to consider pretrial detention in limited circumstances. *See* 18 U.S.C. § 3142(f) (describing when a judicial officer shall hold a detention hearing). Section § 3142(f)(1) does not apply here; it sets forth enumerated offenses that do not include illegal reentry. Section § 3142(f)(2) sets forth two fact-specific inquiries: (1) a serious right of flight; and (2) a serious risk of witness tampering.

Neither party has argued that the witness tampering inquiry applies, so this case boils down to whether defendant poses a serious risk of flight. It is the government's burden to show serious risk of flight. The level of proof required to carry that burden is subject to debate, but considering that pretrial liberty is at stake, the court will apply the heaviest of the burden contemplated, which is preponderance of the evidence—meaning, more likely than not.

In considering whether the government has shown serious risk of flight, the court makes the following observations. "Risk of flight" is more than simple risk of nonappearance. The Bail Reform Act uses the term "appearance" elsewhere, and if it meant nonappearance it could have said so. It did not, so "flight" means more than not showing up to court; it means fleeing the jurisdiction or thwarting location attempts. Also, "flight" means something deliberate and voluntary. It requires the defendant to choose to undertake an act. Involuntary deportation would not suffice, although the effect of the threat of deportation is something to consider in the bigger picture. Finally, "serious" means something more than run of the mill—it means substantial or grave. So, putting it all together, the court will detain a defendant only if the government establishes that it is more likely than not that the particular defendant poses a substantial risk of voluntarily choosing to leave the district or thwarting attempts to locate him.

In this case, there is an ICE detainer on defendant, and there was an immigration agent in the courtroom during the arraignment waiting to take defendant into custody in the event he was not detained in this criminal proceeding. The court has contended with the interplay between the Attorney General's custody and ICE custody in several recent unlawful reentry cases. *See, e.g.*, *United States v. Alverto-Lopez*, Case No. 25-cr-68-jdp, Dkt.17. Defendant argues that because he is subject to an ICE detainer, there can be no risk of flight because if defendant is released from the Attorney General's custody, it follows that he will immediately go into ICE

custody and be deported. The government in this case responds that an ICE detainer does not eliminate the risk of flight because a defendant could post bond, be released on an order of recognizance or supervision, or paroled. Also, his proceedings could be terminated, or he could be granted relief by an Immigration Judge. Moreover, the government contends that if this defendant is removed, he will unlawfully reenter and return to Wisconsin and thwart any attempt to locate him through his documented use of aliases, as he has after being removed previously.

On the facts of this case, the court would find that defendant poses a serious risk of flight absent the ICE detainer. His criminal history dates back to 1992 and since that time, he has demonstrated a desire to thwart authorities' attempts to locate him by repeatedly changing his identity. It is true that ICE detainers are not all the same, and some individuals may be released and flee, but that outcome is unlikely here given defendant's criminal record and prior removals, and that he has no pending claim for asylum. The immigration agent's presence in the courtroom only underscored that this defendant would remain in government custody, albeit with ICE, as does the fact that at least three defendants in recent unlawful reentry cases held on ICE detainers or released on conditions have been removed from the United States. *E.g.*, *United States v. Alverto-Lopez*, Case No. 25-cr-68-jdp, Dkt. 18 (released on conditions and removed); *United States v. Lozano-Ortega*, Case No. 25-cr-58-wmc, Dkt. 29 (held on ICE detainer and removed); *United States v. Ruiz-Perez*, Case No. 25-mj-154-amb, Dkt. 12 (released on conditions and removed).

The government has failed to establish by a preponderance of the evidence that defendant presents a serious risk of flight. *See United States v. Martinez-Cermeno*, No. 25 CR 51, 2025 WL 327832, at *2 (N.D. Ill. Jan. 29, 2025) (explaining statute's application in the

immigration context). The court did not conduct a detention hearing and instead released defendant on conditions, as set forth in the court's separate release order that it stayed to allow an appeal to the presiding district court judge. The court also deferred scheduling.

ORDER

IT IS ORDERED that:

1. The government's motion to detain defendant Alfredo Juarez-Perez, Dkt. 13, is DENIED.

2. The court's release order is STAYED pending appeal of this order to the presiding district court judge.

3. The clerk's office is directed to set this matter for a telephonic scheduling conference.

Entered October 22, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge